IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>JPK NEWCO, LLC, | |
| DEVELOPER RE1, LLC. ET AL.,<br><br>*Appellants,*<br><br>v.<br><br>JPK NEWCO, LLC, ET AL.,<br><br>*Appellees.* | Civil Action No.: 26-03920 (AHA) |

## AFFIDAVIT OF MEL NEGUSSIE

I, Mel Negussie, am over 18 years of age, have personal knowledge of the facts set forth herein, and declare as follows:

1. 423 Kennedy St Holdings, LLC ("423 Kennedy") is a domestic, sole purpose, limited liability company that owns the real property known as 423 Kennedy, N.W., Lot 56, Square 3260.

2. Developer RE1, LLC ("Developer RE1") is a domestic, sole purpose, limited liability company that owns real property known as 5501 1st Street, N.W., Lot 138, Square 3389.

3. I am a member of both Developer RE1 and 423 Kennedy and I have the authority to sign this Affidavit.

4. I have reviewed the Factual and Procedural Background portion (Part II) of the Appellants' Motion for Stay Pending Appeal ("Stay Moton"). The facts and procedural history contained in Part II of the Stay Motion of the are true and correct to the best of my knowledge.

5. I testified truthfully at two different injunction hearings held on Friday, July 21, 2023 before Judge Milton F. Lee, and on Wednesday, July 26, 2023 before Judge Ebony Scott (the "2023 Injunction Hearings").

6. The orders entering injunctions that were issued by both Judge Milton F. Lee and Judge Ebony Scott accurately reflected and summarized most of the testimony that I gave at the 2023 Injunction Hearings.

7. I also testified at the October 19, 2026 hearing before Elizabeth L. Gunn of the U.S. Bankruptcy Court for the District of Columbia (the "Bankruptcy Court").

8. At the October 19, 2026 hearing, the Bankruptcy Court stated that the decisions from the 2023 Injunction Hearings were ". . . based upon one sided testimony, which was not given a lot of challenges" and were "entered on a very slanted record". Tr. (October 19, 2026) 41:10-11. These statements are not accurate.

9. The 2023 Injunction Hearings were not "one-sided" or based upon "one-sided" or "slanted" testimony. The Appellees at the time -- DP Capital, LLC d/b/a Washington Capital Partners, the WCP Fund 1, LLC, Daniel Huertas, and Russell Drazin (collectively the "Lender Defendants") -- were all represented by their counsel, Maurice Verstandig, at the 2023 Injunction Hearings.

10. My testimony at the 2023 Injunction Hearings was subject to both cross-examination and by way of rebuttal. The Lender Defendants were also permitted to present their own evidence at the 2023 Injunction Hearings.

11. The Lender Defendants chose to not put on any of their own witnesses to rebut the vast majority of my testimony at the 2023 Injunction Hearings. The only witness the Lender

Defendants called at the at the 2023 Injunction Hearings was a lower level accounting employee who testified about loan payment records.

12. I prepared a chart comparing my testimony from the hearing on October 19, 2026 with the factual findings made by the Bankruptcy Court on October 21, 2026, which is attached to the Stay Motion as Exhibit 2.

13. Exhibit 2 contains accurate quotes and citations to the transcripts from the hearings before the Bankruptcy Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of November, 2026

Mel Negussie

____________________
Mel Negussie



8161\0002\4914-3020-6434.v1