SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DEVELOPER RE1 LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>DP CAPITAL, LLC d/b/a WASHINGTON CAPITAL PARTNERS, *et al*.<br><br>*Defendants*. | 2022-CAB-005935<br>(consolidated with 2023 CAB 004260)<br>Judge Ebony Scott<br>Next Event: Trial Readiness Hearing<br>September 6, 2024 at 2:00 p.m. |

## NOTICE OF RULE 30 (b)(6) DEPOSITION OF DP CAPITAL, LLC

Please take notice that Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy"), by undersigned counsel, will take the deposition of the Rule 30(b)(6) designee(s) of DP Capital, LLC ("DP Capital") before an officer duly authorized to administer oaths, commencing at the following time and continuing thereafter until completed or recessed.

| Deponents | Date & Time |
|---|---|
| DP Capital, LLC | July 8, 2024 at 9:30 a.m. |

The deposition will take place at a conference room in the offices of Greenstein DeLorme & Luchs, P.C., 801 17th Street, N.W., Suite 1000, Washington, D.C. 20006, and will continue day-to-day until completed. The deposition will be recorded by stenographic means and may also be recorded by the Zoom video conferencing platform. The deposition is being taken for the purposes of discovery and/or for use at trial and for such other purposes as are permitted under applicable law.

4885-0896-1228

Unless the context indicates otherwise, the following definition applies to this Rule 30(b)(6) Notice of Deposition:

(a) Pursuant to D.C. Superior Court Civil Procedure Rule 34(a)(1)(A), the term "documents" includes electronically stored information, and means: "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

(b) The word "person," used in these Interrogatories, includes both the singular and plural, and includes legal entities and organizations as well as individual people.

(c) The term "communication" means any form, whatsoever, of correspondence, discussion, instruction, report and/or written, electronic or oral exchange between two or more persons.

(d) The pronouns "you" and "your, when used, refer to DP Capital, its members, agents, employees, and all other persons and entities representing it or acting on its behalf.

(e) "Developer RE1" refers to Developer RE1 LLC, its members, agents, employees, and all other persons and entities representing it or acting on its behalf.

(f) "423 Kennedy" refers to 423 Kennedy LLC, its members, agents, employees, and all other persons and entities representing it or acting on its behalf.

(g) "Lender" refers to the WCP Fund I LLC and any other person that acquired or had an interest in the Loan Documents (such as by way of assignment or otherwise).

(h) "Litigation" refers collectively to the following cases:

a. the case styled as Developer RE1 LLC v. DP Capital, LLC d/b/a Washington Capital Partners, et al., Case No.: 2022-CAB-005935, in the Superior Court of the District of Columbia; and

b. the case styled as 423 Kennedy St Holdings LLC v. DP Capital, LLC d/b/a Washington Capital Partners, et al., Case No.: 2023-CAB-004260, in the Superior Court of the District of Columbia.

(i) "RE1 Complaint" means the Complaint filed by RE1 LLC in Case No.: 2022-CAB-005935.

(j) "423 Kennedy Complaint" means the Complaint filed by 423 Kennedy in Case No.: 2023-CAB-004260.

(k) "Second Amended Complaint" means the Second Amended Complaint filed by RE1 LLC in Case No.: 2022-CAB-005935.

(l) "Counterclaim" means the Counterclaim (of the WCP Fund I, LLC) that was included in the Answer, Affirmative Defendants, and Counterclaim filed by DP Capital, WCP Fund I LLC, Daniel Huertas, and Russel Drazin in Case No.: 2022-CAB-005935 on April 2, 2024.

(m) "First DOT (RE1)" means the Deed of Trust signed, on December 23, 2021, 2022, by Developer RE1, as Grantor, for the Property that named the WCP Fund as Beneficiary and Mr. Drazin, as Trustee, a copy of which was attached to the original RE1 Complaint filed on December 16, 2022 as Exhibit A.

(n) "First DOT (423 Kennedy)" means the Deed of Trust signed, on March 31, 2022, by 423 Kennedy, as Grantor, for the Property that named the WCP Fund I as Beneficiary and Mr. Drazin, as Trustee, a copy of which was attached to the 423 Kennedy Complaint as Exhibit A.

(o) "First Note (RE1)" means the Commercial Deed of Trust Note, signed on December 23, 2021, by Developer RE1, as Borrower, in favor of the WCP Fund, a copy of which was attached to the original RE1 Complaint filed on December 16, 2022 as Exhibit B.

(p) "First Note (423 Kennedy)" means the Commercial Deed of Trust Note, signed on March 31, 2022, by 423 Kennedy, as Borrower, in favor of the WCP Fund I, a copy of which was attached to the 423 Complaint as Exhibit B.

(q) "Second DOT (RE1)" means the second Deed of Trust signed, on December 23, 2021, by Developer RE1 for the Property that also named WCP Fund as Beneficiary and Mr. Drazin as Trustee, a copy of which was attached to the original RE1 Complaint filed on December 16, 2022 as Exhibit C.

(r) "Second DOT (423 Kennedy)" means the second Deed of Trust signed, on March 31, 2022, by 423 Kennedy for the Property that also named WCP Fund I as Beneficiary and Mr. Drazin as Trustee, a copy of which was attached to the 423 Kennedy Complaint as Exhibit C.

(s) "Second Note (RE1)" means the second Commercial Deed of Trust Note, signed on December 23, 2021, by Developer RE1, a copy of which was attached to the original Complaint filed on December 16, 2022 as Exhibit D.

(t) "Second Note (423 Kennedy)" means the second Commercial Deed of Trust Note, signed on March 31, 2022, by 423 Kennedy, a copy of which was attached to the Complaint as Exhibit D.

(u) "Loan Documents (RE1)" refers to the First DOT (RE1), the First Note (RE1), the Second DOT (RE1), and the Second Note (RE1).

(v) "RE1 Loan" refers collectively to the loan secured by the First DOT (RE1) and the loan secured by the Second DOT (RE1).

(w) “Loan Documents (423 Kennedy)” refers to the First DOT (423 Kennedy), the First Note (423 Kennedy), the Second DOT (423 Kennedy), and the Second Note (423 Kennedy).

(x) “423 Kennedy Loan” refers collectively to the loan secured by the First DOT (423 Kennedy) and the loan secured by the Second DOT (423 Kennedy).

(y) “DOTs” refers collectively to the First DOT (RE1), the Second DOT (RE1), the First DOT (423 Kennedy), and the Second DOT (423 Kennedy).

(z) “Loan Documents” refers collectively to the Loan Documents (RE1) and to the Loan Documents (423 Kennedy).

(aa) “Notice of Default (RE1)” refers collectively to the notices of default dated December 8, 2022, copies of which were attached as Exhibit K and L, respectively, to the RE1 Complaint.

(bb) “Notice of Default (423 Kennedy)” refers collectively to the notices of default dated December 8, 2022, copies of which were attached as Exhibit K and L, respectively, to the 423 Kennedy Complaint.

Pursuant to Rule 30(b)(6), DP Capital must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf, and it may set out the matters on which each person designated will testify. The person(s) designated must testify about information known or reasonably available to the organization as to the following matters:

## Matters for Examination

1. The terms of the Loan Documents, including, but not limited to, Sections 7.6, 7.9, 7.09, and 11.1 of the DOTs.

2. The corporate and ownership structure of DP Capital and its subsidiaries, parents, or affiliates, including facts related to its organizational documents, its officers, its directors, the number of current and former employees, its decision makers, and the persons and companies that have (or had) any ownership, management, investment, financial, or other interest in DP Capital, and the type and extent of each person's interest in DP Capital.

3. DP Capital's Operating Agreement and any other document that governs DP Capital's operations, and any changes to those documents.

4. DP Capital's relationship with the Lender, Daniel Huertas, and Russell Drazin.

5. Who owns, manages, controls, and makes decisions for the Lender.

6. The individual(s) making any decisions on behalf of DP Capital related to the Loan Documents, the changes to who had such decision making authority for DP Capital, and how each person who was authorized to be a decisionmaker obtained such authority under DP Capital's governing documents or otherwise.

7. All persons that were or are employees or agents of DP Capital from September 1, 2022 to present, the title or position of each employee or agent, and the period of employment for each employee or agent.

8. Any pending, concluded, or threatened litigation involving DP Capital from 2017 to the present.

9. What records were kept for any meetings of DP Capital related to the Loan Documents, or for any decisions made involving the Loan Documents, and the contents of all such records.

10. What records were kept for any meetings of or with the Lender, DP Capital's investors, any affiliate of DP Capital, or any board of DP Capital's investor groups related to the Loan Documents and the content of all such records.

11. DP Capital's communications with any person on or after December 23, 2021 about the Loan Documents or any decision made involving the Loan Documents.

12. DP Capital's non-privileged communications with the Lender, Daniel Huertas, and Russell Drazin related to the Loan Documents.

13. Any communications related to the December 8, 2022 phone call between Mel Negussie and Daniel Huertas that is referenced in paragraphs 43 and 45-48 of the Second Amended Complaint.

14. Any communications between anyone on behalf of DP Capital regarding the Notice of Default (RE1) and the Notice of Default (423 Kennedy).

15. Any communications between anyone and the Lender regarding the Notice of Default (RE1) and the Notice of Default (423 Kennedy).

16. Communications between DP Capital and any person (including SF NU, LLC and JPK Newco, LLC) related to any decision to sell or transfer any interest in the RE1 Loan and/or the 423 Kennedy Loan.

17. Non-privileged communications between DP Capital and Russell Drazin related in any way to the Loan Documents.

18. All default(s) DP Capital claims occurred or are occurring under the Loan Documents.

19. Any notices or demand for payment sent or received concerning the Loan Documents, when DP Capital sent such notice(s), and the circumstances surrounding such notice(s).

20. The date(s) DP Capital learned of the alleged defaults that served as the basis for the Notice of Default (RE1) and the Notice of Default (423 Kennedy) and how DP Capital learned of those alleged defaults.

21. The date DP Capital first learned of the alleged defaults identified in Russell Drazin’s email on December 9, 2022, attached as Exhibit N to the 423 Kennedy Complaint.

22. Any documents related to the December 8, 2022 phone call between Mel Negussie and Daniel Huertas that is referenced in paragraphs 43 and 45-48 of the Second Amended Complaint.

23. All persons that participated in the decision to issue the Notice of Default (RE1) and the Notice of Default (423 Kennedy), and whether each person agreed with the decision to issue the Notice of Default (RE1) and the Notice of Default (423 Kennedy).

24. The reason(s) DP Capital issued the Notice of Default (RE1) and the Notice of Default (423 Kennedy).

25. The reason(s) the Notice of Default (RE1) and the Notice of Default (423 Kennedy) failed to include any factual basis for the alleged default(s).

26. Details surrounding how and why DP Capital authorized Leslie Calderas to send the Notice of Default (RE1) and the Notice of Default (423 Kennedy).

27. Whether and to what extent DP Capital was involved with placing any borrower in default at a time when that borrower was in the process of refinancing any loan.

28. Whether and to what extent DP Capital was involved with alleging a cross-default by a borrower under any cross-default provision that is similar to Section 7.9 of the DOTs.

29. All facts upon which DP Capital is aware of regarding the claims in the Counterclaim.

30. All damages that DP Capital claims to have suffered as a result of any default(s) by either RE1 Developer or 423 Kennedy, including the nature, extent, aspect, amount, and component of all claimed damages.

31. The type(s) of computer system or database(s) used by DP Capital for accounting purposes as to the Loan Documents, the fields of information used in the computer system or database, the individual(s) who enter information into the computer system or database, the source of the information entered into the computer system or database, and whether entries into the computer system or database are verified.

32. The method through which the computer system or database that DP Capital uses for accounting purposes as to the Loan Documents is accessed, the users of the computer system or database, and whether records exist showing: (a) when changes to records stored in the computer system or database are made, (b) what changes are made, (c) who made the changes, and (d) the content of those records.

33. The types of reports that can be generated by the database or computer system that DP Capital uses for accounting purposes as to the Loan Documents, and whether the computer system or database can generate reports showing the information described in parts (a)-(d) of Topic No. 34.

34. The identity of the system administrator(s) for the database or computer system that DP Capital uses for accounting purposes as to the Loan Documents.

35. The "First Loan Payment History" and the "Second Loan Payment History," attached as Exhibits E and C, respectively, to DP Capital, WCP Fund I LLC, Danuel Huertas, and Russell's Drazin's Opposition to Plaintiff's Opposed Motion for Temporary Restraining Order to Prevent Imminent Foreclosure Sale filed in Case No.: 2023-CAB-004260 on July 20, 2023.

36. The "First Loan Payment History" and the "Second Loan Payment History," attached as Exhibits 1 and 2, respectively, to DP Capital, WCP Fund I LLC, Danuel Huertas, and Russell's Drazin's Opposition to Plaintiff's Opposed Motion for Temporary Restraining Order to Prevent Imminent Foreclosure Sale filed in Case No.: 2022-CAB-005935 on July 17, 2023.

37. The identity of the individual(s) who made the decision(s) to change the "Servicing Status" of the RE1 Loan to "Defaulted," the date such decision was made, and the circumstances surrounding such decision.

38. The identity of the individual(s) who made the decision(s) to change the "Servicing Status" of the 423 Kennedy Loan to "Defaulted," the date such decision was made, and the circumstances surrounding such decision.

39. The defenses that DP Capital has to the claims against it in the Litigation and the factual support for any such defense.

40. Who DP Capital communicated with about any of the allegations in the Litigation, DP Capital's defenses, and/or about any aspect of this case and the substance of the communication, unless privileged.

41. The persons that DP Capital may call as a fact witness at trial and the knowledge possessed by each such person(s).

42. The extent that any of the fact witnesses for DP Capital has an interest in DP Capital, the Lender, or in the revenue or the performance of any DP Capital related entity or investment, including, without limitation, the percentage ownership interest held by each such person.

43. The questions asked in Developer RE1's First Set of Interrogatories to DP Capital dated May 19, 2023, DP Capital's Answers to those interrogatories dated June 20, 2023, and the factual basis for DP Capital's answers.

44. The requests in Developer RE1's First Set of Requests for Production of Documents to DP Capital dated May 19, 2023, DP Capital's Responses to those requests dated June 20, 2023, and the factual basis for DP Capital's responses including, but not limited to, any steps DP Capital took to locate and produce responsive documents.

45. The questions asked in 423 Kennedy's First Set of Interrogatories to DP Capital dated May 7, 2024, DP Capital's Answers to those interrogatories dated June 7, 2024, and the factual basis for DP Capital's answers.

46. The requests in 423 Kennedy's First Set of Requests for Production of Documents to DP Capital dated May 7, 2024, DP Capital's Responses to those requests dated June 7, 2024, and the factual basis for DP Capital's responses including, but not limited to, all steps DP Capital took to locate and produce responsive documents.

47. All documents produced by DP Capital during discovery in the Litigation.

48. DP Capital's document retention procedures, including, without limitation, those related to the retention of electronic records such as e-mail, text messages, and computer files.

49. All steps that DP Capital took to prepare for its deposition, including, without limitation, who, if anyone, DP Capital talked to and what, if any, documents DP Capital reviewed, unless privileged.

50. Who has been providing any legal advice or any other form of legal services to DP Capital about the Loan Documents or the Litigation since October 1, 2022.

51. Any attorney's fees and costs that DP Capital (or anyone else) has incurred for which reimbursement will be sought from either Developer RE1 and/or 423 Kennedy or that DP Capital or the Lender may include, or has included, in any balance due under the Loan Documents.

52. The terms of representation with any attorney or law firm and anyone else with respect to this dispute, including DP Capital, and if DP Capital is not the client in any engagement letter, the name of the client.

53. Whether DP Capital, any DP Capital affiliate, or any of investor of DP Capital owes (or will owe) legal fees or reimbursement of costs to any attorney or law firm with respect to this dispute and the amount of that indebtedness or future indebtedness.

54. The identity of the individual(s) who were involved with the decision(s) to issue any notice of foreclosure under any of the Loan Documents, the date such decision was made, and the circumstances surrounding such decision.

55. The services provided by Russell Drazin, in his capacity as Trustee, under the DOTs and all records related to those services, such as invoices and billing statements.

56. The corporate structure of SF NU, LLC, and its subsidiaries, parents, or affiliates, including facts related to its organizational documents, its officers, its directors, the number of current and former employees, its decision makers, and its owners.

57. The corporate structure of JPK Newco, LLC and its subsidiaries, parents, or affiliates, including facts related to its organizational documents, its officers, its directors, the number of current and former employees, its decision makers, and its owners.

58. Why a foreclosure was attempted under the Second DOT (RE1) and under the Second DOT (423 Kennedy) as opposed to the First DOT (RE1) and First DOT (423 Kennedy).

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: July 3, 2024

/s/ James D. Sadowski

James D. Sadowski (D.C. Bar No. 446635)
Alexandria J. Smith (D.C. Bar No. 1781067)
Erin B. McAuliffe (D.C. Bar No. 1722421)
801 17th Street NW Suite 1000
Washington, DC 20006
Telephone: (202) 452-1400
Facsimile: (202) 452-1410
Email: jds@gdllaw.com | ajs@gdllaw.com | ebm@gdllaw.com
*Counsel for Developer RE1, LLC and 423 Kennedy St. Holdings, LLC*

## Certificate of Service

I Hereby Certify that a true and correct copy of the foregoing Notice of Rule 30(b)(6) Deposition of DP Capital, LLC was served on July 3, 2024 using eFileDC.

/s/ James D. Sadowski
James D. Sadowski