IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>JPK NewCo LLC<br><br>Debtor. | Case No. 1:26-cv-3920-AHA |
| Developer RE1, LLC, et al.<br><br>Appellants,<br><br>v.<br><br>JPK NewCo LLC, et al.<br><br>Appellees. | Bankruptcy Case No. 25-200-ELG<br><br>(Chapter 11) |

**MOTION TO DISMISS APPEAL FOR LACK OF SUBJECT MATTER JURISDICTION AND OPPOSITION TO MOTION FOR STAY PENDING APPEAL**

Comes now Russell Drazin ("Mr. Drazin"), by and through undersigned counsel, and (i) moves to dismiss this appeal for lack of subject matter jurisdiction; and (ii) opposes the *Appellants' Motion for a Stay Pending Appeal* (the "Motion to Stay"), ECF No. 3, filed by Developer RE1 LLC and 423 Kennedy St Holdings, LLC (collectively, the "Appellants"), and in support thereof states as follows:

## I. Introduction

This appeal merits dismissal for want of subject matter jurisdiction, insofar as the Appellants appear to have confused the statute governing appeals from district courts to circuit courts with the statute governing appeals from bankruptcy courts to district courts. The two statutes are not identical. One of the notable distinctions governs situations such as this, where there exists a desire to seek review of an interlocutory order concerning injunctive relief: if such an order

comes from a district court, an appeal may be immediately had as a matter of right; if such an order comes from a bankruptcy court, leave must be obtained before an appeal may be docketed. The Appellants have not complied with this rigor in the instant case.[1]

Even if leave to appeal were obtained, however, the Motion to Stay would still merit denial for the simple reason that the Appellants have not complied with the rule requiring them to first seek a stay from the bankruptcy court. It is not clear why they failed to do so, given that the bankruptcy court (i) voluntarily stayed the underlying order for 14 days, so the Appellants could file a motion for a further stay; and (ii) indicated such a motion would be considered, if properly brought, going so far as to discuss the setting of a bond (intimating a stay pending appeal may well be granted). Yet, for whatever reason, the Appellants have failed to abide this rule-based rigor.

Mr. Drazin focusses this brief on the two foregoing issues—and not the merits of any stay pending appeal—insofar as he actually has very little substantive concern for whether or not there is a stay pending appeal. And lest that agnosticism seem unusual, it merits notation that such may be amongst the least enigmatic features of the instant case.

Indeed, this is a lawsuit where the Appellants are arguing consumer lending protections should attach to commercial loans. The Appellants are also arguing a foreclosing trustee—such as Mr. Drazin—has an affirmative legal obligation to undertake an independent fact-finding inquiry before scheduling (much less conducting) a foreclosure auction. To advance these arguments, the Appellants are suing Mr. Drazin for damages stemming from a foreclosure that never occurred.

[1] As discussed *infra*, this failure is odd insofar as the Appellants *have* complied with the requirement of seeking leave to appeal in a related case, also pending in this Honorable Court. *See In re JPK NewCo, LLC*, 2026 U.S. Dist. LEXIS 147191 (D.D.C. July 2, 2026) (granting leave to appeal, in the same underlying bankruptcy case, to the exact same appellants).

Nor could such a foreclosure now occur at the hands of Mr. Drazin, who has resigned as trustee under the at-issue deeds of trust (hence his polite indifference to entry of a stay pending appeal).

If the foregoing appears odd, the procedural posture of this matter is even more unorthodox. This began as two separate cases in the Superior Court of the District of Columbia, with commercial borrowers trying to enjoin a commercial lender from foreclosing after the borrowers failed to pay promissory notes at maturity. Through what has been aptly described by Judge Sooknanan as "a complex transaction," the at-issue promissory notes then became part of the chapter 11 estate of a debtor-in-possession, *In re JPK NewCo, LLC*, 2026 U.S. Dist. LEXIS 204798, at *3 (D.D.C. Sep. 10, 2026), with the litigation concurrently being removed to the bankruptcy court.

Since then, the Appellants ". . . have taken every opportunity to seek to have [this case] heard by any court *other* than the Bankruptcy Court. . ." *In re JPK Newco LLC*, 2026 Bankr. LEXIS 2113, at *24-25 (Bankr. D.D.C. Aug. 25, 2026) (emphasis in original). This has included filing a litany of motions to abstain or remand, moving to have the reference to the bankruptcy court withdrawn, and filing multiple appeals. These efforts now also include ignoring the bankruptcy court's open invitation to seek a stay pending appeal and, instead, filing the relevant motion in the district court.

Other eccentricities abound in this case. Yet none of those explain why Mr. Drazin—an esteemed member of the local bar—is continuing to be sued over a foreclosure he never actually conducted, especially when he has now resigned as trustee under the correlative deed of trust. There is, no doubt, ample mud to be slung between and amongst the other parties to this suit. The ongoing effort to include Mr. Drazin in that mix, however, is as troubling as it is befuddling.

## II. Argument: This Court Lacks Subject Matter Jurisdiction

The instant appeal should be dismissed for the simple reason that there does not exist subject matter jurisdiction to hear the appeal in the first instance. While the grant, denial, or dissolution of an injunction is appealable as a matter of right from a district court to a circuit court, there is no such automatic right if the order is issued by a bankruptcy court. That is precisely what happened here. And the Appellants are actually well aware of this, insofar as they have previously used the "leave to appeal" rule—arising under the same exact statute—in this very bankruptcy case. Yet, they declined to seek leave to appeal here. And, for this reason, the instant case is jurisdictionally infirm.

Title 28 of the United States Code limits the appellate jurisdiction of the district courts, over matters emanating from bankruptcy courts, to appeals:

> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) **with leave of the court, from other interlocutory orders and decrees**. . .

28 U.S.C. § 158(a) (emphasis added).

This jurisdictional grant is notably different than the one governing appeals of interlocutory orders from district courts to circuit courts:

> Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
>
> > (1) **Interlocutory orders of the district courts of the United States . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions**, except where a direct review may be had in the Supreme Court;
> >
> > (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;

> (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

28 U.S.C. § 1292(a) (emphasis added).[2]

Most simply stated: a district court's grant, denial or dissolution of an injunction is immediately appealable to a circuit court. 28 U.S.C. § 1292(a)(1). Yet *any* interlocutory order of a bankruptcy court may only be appealed with leave of court. 28 U.S.C. § 158(a)(3). The only exception to this hard and fast rule is if the appeal concerns the extension or truncation of the period in which a chapter 11 debtor is solely entitled to file a plan of reorganization. 28 U.S.C. § 158(a)(2). Plainly, nothing about the instant appeal concerns the timing of a debtor docketing a plan of reorganization (nor could it, since the debtor in this case is proceeding under subchapter V of chapter 11, in which section 1121(d) is inapplicable). *See* 11 U.S.C. § 1181(a).

This is not the first time this issue has arisen in this Honorable Court. Less than a decade ago, a party sought to appeal an order denying ". . . a preliminary injunction to enjoin any further removal of money from property of the bankruptcy estate. . ." *Simu v. Carvalho (In re Carvalho)*, 2017 U.S. Dist. LEXIS 231000, at *6 (D.D.C. Apr. 7, 2017). Judge Walton, in turn, found the appellant ". . . was not entitled to appeal the Bankruptcy Court's denial of her motion for a preliminary injunction as a matter of right. . ." *Id.* at *4. Judge Walton then directed the bankruptcy

---

[2] As noted in the quoted text, there are exceptions set forth in subsequent portions of the statute. It does not appear either of those exceptions—which concern the United States Court of Appeals for the Federal Circuit, the Court of International Trade, and the United States Court of Federal Claims, *see* 28 U.S.C. § 1292(c-d)—are applicable here.

court to file a written certification concerning its view on whether or not an appeal should be discretionarily allowed. *Id.*[3]

After considering the views of the bankruptcy court, Judge Walton ultimately concluded the denial of injunctive relief—in *Simu*—to be ". . . not appropriate for interlocutory appellate review. . ." and thereby declined to hear the appeal on the merits. *Id.* at *9.

Moreover, while other courts have taken a wide range of views of the interplay between sections 158 and 1292,[4] this Honorable Court has been far from alone in holding one must obtain leave to appeal a bankruptcy court's denial, grant, or dissolution of an injunction. As a neighboring court has explained in refutation of a litigant's efforts to urge there exists an automatic right to an interlocutory appeal:

> The cited cases, however, involve appeals from grants of preliminary injunctions by district courts to courts of appeals. Such orders are immediately appealable pursuant to 28 U.S.C. 1291(a)(1). The order at issue here, *i.e.*, from a bankruptcy court to a district court, is governed by a different section, namely, 28 U.S.C. § 158. Pursuant to that provision, and the case law interpreting it, the bankruptcy court's order was not a final judgment.
>
> Because the order granting the preliminary injunction is interlocutory, the Kore Appellants could appeal from it only upon obtaining leave of the court.

*Kore Holdings, Inc. v. Rosen (In re Rood)*, 426 B.R. 538, 548 (D. Md. 2010) (citing 28 U.S.C. § 158(a)(3)).

---

[3] Notably, where a party moves for leave to appeal, other parties have an opportunity to oppose such relief and the bankruptcy judge is ordinarily also asked to opine on the issue. *See* DCt.LBR 8004-1. This is highly relevant as it is at-best-unclear whether or not the Appellants would be able to satisfy the rigors of a motion for leave to appeal, in the instant case.

[4] Courts outside of this circuit have produced a split of authorities on the issue. *See, e.g., Reliance Acceptance Grp., Inc. v. Levin (In re Reliance Acceptance Grp., Inc.)*, 235 B.R. 548, 553 (D. Del. 1999) (finding section 1292 gives a district court the ability to hear an appeal of a bankruptcy court's ruling on an injunction). *But see In re Woodside Grp., LLC*, 2010 U.S. Dist. LEXIS 153572, at *3 (C.D. Cal. June 18, 2010) (rejecting the rationale of *Reliance Acceptance Grp*. and noting "this Court is not persuaded by these authorities at this time").

The Southern District of New York has, too, undertaken roughly the same analysis and reached the same conclusion:

> While the language of Section 1292 indicates that orders such as preliminary injunctions should be treated differently from other interlocutory orders for purposes of analyzing appealability, that statute does not govern the Court's analysis in this case. Rather, Section 158(a) determines the conditions under which an order of the bankruptcy court is appealable as of right. That statutory provision divides bankruptcy court orders into only two types: final orders and "interlocutory orders and decrees issued under section 1121(d) of title 11," which are appealable to the district court as of right pursuant to Sections 158(a)(1)-(2), and "other interlocutory orders and decrees," including preliminary injunctions, which are only appealable "with leave of the court" pursuant to Section 158(a) (3). It would make little sense for the bankruptcy appeal statute to group preliminary injunctions with other interlocutory orders but intend for "leave to appeal" these injunctions to be granted as of right simply because Section 1292 treats interlocutory injunctions differently from other interlocutory orders.

*Quigley Co. v. Coleman (In re Quigley Co.)*, 323 B.R. 70, 76-77 (S.D.N.Y. 2005). *See also Amusement Indus., Inc. v. Citigroup Glob. Mkts. Realty Corp. (In re First Republic Grp. Realty, LLC)*, 2010 U.S. Dist. LEXIS 20919, at *3-5 (S.D.N.Y. Mar. 2, 2010) ("Section 1292 treats interlocutory orders granting injunctive relief (wherein appeals are allowed as of right) differently from other interlocutory orders (wherein circuit courts have discretion as to whether to accept appeals). However, section 158(a) does not make this distinction. It gives district courts discretion over whether to accept appeals from *all* interlocutory orders issued by bankruptcy courts.") (emphasis in original).

So, too, has the Central District of California held similarly. *See In re Woodside Grp., LLC*, 2010 U.S. Dist. LEXIS 153572, at *5 (C.D. Cal. June 18, 2010) ("The text of 28 U.S.C. § 158(a) does not provide that interlocutory injunctive orders are appealable to a district court as a matter of right. Although 28 U.S.C. § 1292(a)(1) may influence this Court's exercise of discretion, 28 U.S.C. § 1292(a)(1) does not bind the Court here because it does not control the appealability of a

bankruptcy court order to a district court. Accordingly, the Court tentatively finds that the Preliminary Injunction is not appealable has a matter of right.")

There is a pronounced irony to the Appellants having ignored this statutory distinction, insofar as they (i) have recently filed a motion to dismiss an appeal, in the United States Court of Appeals for the District of Columbia Circuit, based on a comparable distinction between bankruptcy appeals and district court appeals, *see Appellees' Motion to Dismiss Based Upon a Lack of Jurisdiction*, attached hereto as Exhibit A; and (ii) have followed the section 158(a)(3) procedure, to obtain leave to appeal, previously in this very bankruptcy case, *see In re JPK NewCo, LLC*, 2026 U.S. Dist. LEXIS 147191 (D.D.C. July 2, 2026) (granting leave to appeal, from an order of the bankruptcy court, to the precise same appellants).

Axiomatically, a court may not hear an appeal without jurisdiction to do so and, accordingly, must first address any jurisdictional infirmities. *See Sierra Club v. USDA*, 716 F.3d 653, 656 (D.C. Cir. 2013) (quoting *Pueblo of Sandia v. Babbitt*, 231 F.3d 878, 880 (D.C. Cir. 2000) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))). Here, that jurisdictional inquiry ought to be where this matter stops, as the Appellants have failed to secure leave to appeal and are accordingly asking this Honorable Court to accord relief outside the narrow jurisdictional grant set forth in section 158.

## III. Argument: A Motion for Stay Pending Appeal Must First Be Brought in the Bankruptcy Court

In additional to failing to abide by the rule governing motions for leave to appeal, the Appellants have, too, failed to abide by the rule governing stays pending appeal. The subject rule is plain that any such motion is to be first brought in a bankruptcy court unless "impracticable." Fed. R. Bankr. P. 8007. Yet here, despite the bankruptcy court openly inviting the Appellants to seek a stay—and even noting that a bond would be entertained in connection with such a motion—

the Appellants have refused to follow this rule and, instead, proceeded directly to this Honorable Court. The current effort is thusly premature in nature.

The rules governing bankruptcy appeals are quite plain: "Ordinarily, a party must move first in the bankruptcy court for the following relief: (A) a stay of the bankruptcy court's judgment, order, or decree pending appeal. . ." Fed. R. Bankr. P. 8007(a)(1). The lone exception to this is when ". . . moving first in the bankruptcy court would be impracticable. . ." Fed. R. Bankr. P. 8007(b)(2)(A).

As then-Judge Jackson noted, a failure to comply with this rigor is grounds for the issuance of an order to show cause as to why a motion for a stay pending appeal ought not be denied. *See Brekelmans v. Salas (In re Salas)*, 2019 U.S. Dist. LEXIS 111597, at *4 (D.D.C. July 3, 2019). *See also Carrington v. Lamonica (In re Carrington)*, 698 F. Supp. 3d 659, 661 (S.D.N.Y. 2023) ("'[D]istrict courts routinely dismiss motions for a stay pending appeal when,' as here, 'relief is not first requested from the bankruptcy judge and the failure to do so is not adequately explained.'") (quoting *In re Anderson*, 560 B.R. 84, 90 (S.D.N.Y. 2016); citing *In re Alexander*, 248 B.R. 478, 484 (S.D.N.Y. 2000)).

The Appellants actually acknowledge Rule 8007 in their motion. *See* Motion to Stay, ECF No. 3, at § IV. Yet, they posit, there is no point in following the rule because (i) the bankruptcy court has already addressed the injunction factors as part of the ruling on appeal; and (ii) the issue would ultimately come to this Honorable Court in any event. *Id.* In so doing, however, the Appellants look past both governing law and the realities of this case.

Vis a vis governing law: "impracticable" does not mean what the Appellants appear to think it means. The Appellants seem to interpret the word as meaning "unlikely to succeed in the bankruptcy court" or "irrelevant since a failure to prevail would come to the district court in any

event." Yet "a showing of impracticability would normally require a showing that the [bankruptcy] judge is unavailable, or that, to be effective, relief must be immediate, and that based upon what occurred in the [bankruptcy] court, relief from it is improbable." 10A Collier on Bankruptcy P 8007.08 (citing 20 Moore's Federal Practice, § 308.40 (Matthew Bender 3d ed.)) (discussing Federal Rule of Appellate Procedure 8 but, in so doing, noting the analysis to also be applicable to Federal Rule of Bankruptcy Procedure 8007).[5]

Case law expressly instructs that merely assuming a bankruptcy court will deny a stay pending appeal is not enough, unto itself, to bypass the requirement of first bringing such a motion to the bankruptcy court. *See, e.g.*, *Strong v. Burtch (In re Strong)*, 2018 U.S. Dist. LEXIS 24022, at *8 (D. Del. Feb. 14, 2018) ("Appellant's assumption that the Bankruptcy Court would rule against him based on prior rulings was not a sufficient reason to seek a stay first in this Court rather than seeking it first in the bankruptcy court.") (citing *In re TAC Financial, Inc*., 2017 U.S. Dist. LEXIS 102460 (S.D. Cal. June 30, 2017); *In re Howes*, 2016 U.S. Dist. LEXIS 126128 (D. Md. Sept. 15, 2016)).

One sister court—only a few years ago—actually went so far as to find a failure to first seek a stay pending appeal in a bankruptcy court is sufficient to deprive a district court of jurisdiction to itself entertain a stay:

> While the Appellant does not expressly state this, it appears that the Appellant filed her motion in the District Court because she believed that the Bankruptcy Court would not rule in her favor. . .
>
> This does not constitute a valid reason to file a motion to stay pending a bankruptcy appeal in the District Court, however. **The Court lacks jurisdiction to hear the**

---

[5] The bracketed references to "bankruptcy" are actually "district" in the original quotation. Since both the cited authority (Collier on Bankruptcy) and this brief are using the quotation from Moore's Federal Practice —which concerns Federal Rule of Appellate Procedure 8—as an analogy to the similar language of Federal Rule of Bankruptcy Procedure 8007, the name of the court has been changed to track the analogy.

> **Appellant's motion to stay unless the motion has been filed with and denied by the Bankruptcy Court,** or the Appellant demonstrates that filing the motion with the Bankruptcy Court would be "impracticable."

*Richert v. Murphy*, 2023 U.S. Dist. LEXIS 59365, at *4-5 (S.D. Fla. Apr. 3, 2023) (citing *Bank of Am., N.A. v. Arregoces*, 2017 U.S. Dist. LEXIS 230868 (S.D. Fla. June 16, 2017) (citing Fed. R. Bankr. P. 8007(b)(2)(A); *Howes*, 2016 U.S. Dist. LEXIS 126128)) (emphasis added).

To be sure, if "impracticable" embraced situations where a bankruptcy court was prone to rule against an appellant, the exception would swallow the rule: by definition, all stays pending appeal—in bankruptcy matters—are sought by parties who lost in the bankruptcy court.

Similarly, if the need of a district court to eventually review a stay pending appeal was sufficient to end-run Rule 8007, the exception would again predominate: the rule expressly calls for the district court to consider any request for stay pending appeal, after the bankruptcy court has done so. *See* Fed. R. Bankr. P. 8007(b). So the eventuality of district court review is *always* present, except in cases where neither side takes issue with a bankruptcy court's ruling on a stay pending appeal.

Even odder, though, the bankruptcy court—in this case—actually gave every outward impression it would seriously consider fixing a bond for a stay pending appeal:

> So I'm going to enter an order dissolving the injunction for the reasons stated herein. However, I'm going to stay the dissolution for fourteen days, so that if an appeal is docketed and a motion to stay -- and a motion for stay pending appeal is filed, the question and sufficiency of a bond can be addressed therein under Bankruptcy Rule 8007(a)(1)(B), if brought before -- when brought before this Court, and again, if this Court denies it, if brought before the District Court on appeal.

Transcript of Preliminary Injunction Hearing, ECF No. 3-3, at 106:17-25.[6]

All of which renders more bizarre the Appellants' decision to both (i) wait just shy of a month before seeking a stay pending appeal; and (ii) bypass the bankruptcy court in so doing. The bankruptcy court was not only open to hearing such a motion but, *sua sponte*, issued a 14-day stay pending appeal so the Appellants would have time to prepare the motion and file it in the bankruptcy court. Rather than do so, however, the Appellants elected to let the 14-day stay expire and then seek a stay in this Honorable Court a couple of weeks after the stay expired.

To be sure, it is not that Mr. Drazin doubts this Honorable Court to be exceedingly well equipped to entertain the Motion to Stay. It is, rather, that there is some intrinsic wisdom in Rule 8007 (just as there is in Federal Rule of Appellate Procedure 8, which is nearly identical in providing motions for stay pending appeal are to be first brought in district courts before taken to circuit courts): the trial judge is the one most familiar with the facts of a case, the credibility of the parties, and the issues being tested on appeal.

In this case, however, the Appellants ". . . have taken every opportunity to seek to have [this case] heard by any court *other* than the Bankruptcy Court. . ." *In re JPK Newco LLC*, 2026 Bankr. LEXIS 2113, at *24-25 (Bankr. D.D.C. Aug. 25, 2026). And those efforts have now extended to bypassing the rigor of first seeking a stay pending appeal in the bankruptcy court, even though (i) that court has voluntarily indicated an intent to consider fixing an appellate bond; and (ii) any ruling would be reviewable by this court.

---

[6] Notably, while markedly similar, the standard governing the traditional issuance injunctive relief and the standard governing issuance of a stay pending appeal "are not identical." *Harrosh v. Tahoe Reg'l Plan. Ag.*, 640 F. Supp. 3d 962, 984 (E.D. Cal. 2022) (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011)). So the notion that the bankruptcy court might dissolve an injunction, but still be willing to issue an appellate stay conditioned on a bond, is both viable and consistent with the sequencing established in Rule 8007.

This is, unto itself, a basis sufficient to deny the Motion to Stay.

## IV. Conclusion

For want of ambiguity: Mr. Drazin does not take a position on the merits of an order staying foreclosure pending appeal, for the simple reason that he has no interest—economic, actual, or otherwise—in whether or not his co-defendants are subjected to a stay. Mr. Drazin is an attorney, being sued for serving as a trustee under a deed of trust, in a case in which he never conducted a foreclosure. He has resigned as trustee. *See* Transcript of Preliminary Injunction Hearing, ECF No. 3-3, at 82:7-11. Yet, despite having never actually foreclosed, and despite having now resigned as trustee, Mr. Drazin is still, somehow, enmeshed in this yearslong litigation.[7]

WHEREFORE, Mr. Drazin respectfully prays this Honorable Court (i) dismiss this appeal for want of jurisdiction; (ii) in the alternative, deny the Motion to Stay for want of compliance with Rule 8007; and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

[7] Lest the Appellants' response be that Mr. Drazin had to be sued, before resigning as trustee, to ensure no foreclosure could occur: this is a wanton misstatement of law and the Appellants assuredly know as much. An injunction against the beneficiaries of the deeds of trust is applicable, too, against ". . . (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation . . ." Fed. R. Civ. P. 65(d)(2). *See also* Fed. R. Bankr. P. 7065 (making Rule 65 applicable to bankruptcy proceedings). Mr. Drazin does *not* need to be a party to this suit and has never needed to be a party to this suit.

Respectfully submitted,

Dated: November 22, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Mr. Drazin*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of November, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig