NOT YET SCHEDULED FOR BRIEFING OR ORAL ARGUMENT

---

NO. 26-7194

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

JPK NEWCO, LLC,

APPELLANT,

V.

DEVELOPER RE1, LLC, *ET AL.*,

APPELLEES.

---

ON APPEAL FROM AN ORDER OF THE
U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
IN CASE NO.: 1:25-CV-03250-SLS

---

**APPELLEES' MOTION TO DISMISS**
**BASED UPON A LACK OF JURISDICTION**

Developer RE1, LLC ("RE1") and 423 Kennedy St Holdings, LLC ("423 Kennedy" and together with RE1, the "Appellees"), by counsel, hereby move the Court to dismiss this appeal for lack of jurisdiction pursuant to Circuit Rule 27(f). In support of their motion, the Appellees represent to this Court as follows:

## CONDENSED BACKGROUND

1. The Appellant, JPK NewCo, LLC ("JPK NewCo"), is a D.C limited liability company that is owned by the WCP Fund I, LLC (the "WCP Fund") and SFNU, LLC ("SFNU").

2. The WCP Fund, SFNU, and the loan servicing company and two other individuals associated with the WCP Fund -- DP Capital, LLC, Daniel Huertas, and Russell Drazin -- were Defendants (the "Lender Defendants") in two civil cases filed by the Appellees in the D.C. Superior Court that were set for trial on September 9, 2024. *See 423 Kennedy St Holdings, LLC v. The WCP Fund, et al.*, Case No. 2023-CAB-004260 (D.C. Super. Ct.) *consolidated with Developer RE1, LLC v. the WCP Fund I, LLC, et al.*, 2022-CAB-005935 (D.C. Super Ct.) (the "Consolidated Cases").

3. The Appellees contend that the Appellant and the Lender Defendants have abused the bankruptcy process by forming JPK NewCo, a sham company that existed only on paper, which was created for the sole purpose of manufacturing federal court jurisdiction over the purely state law claims that were the subject of the Consolidated Cases.

4. The Lender Defendants were on the losing end of decisions made by the D.C. Superior Court granting injunctive relief to the Appellees and denying the Lender Defendants' motion to dismiss. In response, they created JPK NewCo to forum shop the Consolidated Cases to the Bankruptcy Court.

5. The Lender Defendants first tried to forum shop the D.C. Superior Court cases to the Bankruptcy Court -- not coincidentally right before their depositions were about to be taken -- through a notice of removal filed on July 4, 2024. *See* ECF No. 1 in 24-AP-10023-ELG.

6. Soon after the Consolidated Cases were first removed, an alleged creditor of the Appellant, who was a personal friend of Mr. Huertas, filed an involuntary Chapter 11 petition against JPK NewCo. *See In Re JPK NewCo, LLC*, Case No. 24-00262-ELG) ("*JPK Newco I*").

7. The involuntary Chapter 11 petition in *JPK NewCo I* was consensually dismissed by JPK NewCo after being challenged by the U.S. Trustee's office as a bad faith filing, which later resulted in the Consolidated Cases being remanded to the D.C. Superior Court on May 12, 2025. *See* ECF No. 64 in 24-10023-ELG.

8. Just over two weeks later, the Appellant filed a voluntary Chapter 11 Petition on May 27, 2025. *In Re: JPK NewCo, LLC*, Case. No 25-00200-ELG. In conjunction with that filing, the Appellant re-removed the Consolidated Cases to the Bankruptcy Court. *See* ECF No. 1 in 25-AP-10037-ELG.

9. On June 23, 2025, the Appellees filed a Motion to Dismiss Appellant's Chapter 11 Petition for cause, *i.e.*, for being filed in bad faith. *See* ECF No. 19 in 25-00200-ELG (the "Motion to Dismiss").

10. The WCP Fund and the Appellant filed an Opposition to the Motion to Dismiss. *See* ECF Nos. 29 and 30 in 25-00200-ELG.

11. After hearing oral argument on the Motion to Dismiss, the Bankruptcy Court issued its Order Denying the Motion to Dismiss on September 2, 2025. ECF No. 59 in 25-00200-ELG.

12. The Movants timely appealed the Bankruptcy Court's decision to deny the Motion to Dismiss, and that appeal was assigned to U.S. District Court Judge Sparkle S. Sooknanan. *In Re: JPK NewCo, LLC,* 1:25-cv-03250-SLS (the "Appeal Case").

13. On September 10, 2026, Judge Sooknanan issued a Memorandum Decision followed by an Order granting the Movant's appeal, vacating the Bankruptcy Court's Order denying the Motion to Dismiss. Judge Sooknanan remanded the Appeal Case to the Bankruptcy Court "to examine all the relevant facts and circumstances and determine whether bad faith conduct warrants dismissal of the petition in this case." *See* ECF Nos. 23-24 in the Appeal Case. A copy of the district court's Memorandum Decision is attached as Exhibit 1.

14. On September 15, 2026 – less than a week from the district court's remand decision – the Appellant filed a Notice of Appeal the to this Court. The Appellant has not sought a stay of the district court's decision pending appeal.

15. This Court set deadlines for procedural and dispositive motions to be filed on October 19, 2026 and November 2, 2026, respectively.

## LEGAL ARGUMENT

16. The courts of appeals have jurisdiction over all final decisions entered by district courts in appeals from bankruptcy courts. *See* 28 U.S.C. § 158(d) (1). A majority of circuit courts have held, however, that a district court order is not final if "[it] remands the case to the bankruptcy judge for significant further proceedings." *In re St. Charles Preservation Investors, Ltd.*, 916 F. 2d. 728, 728-29 (D.C. Cir. 1990) (collecting cases).

17. This Court has followed the majority approach by holding that an order from a district court remanding a case to a bankruptcy court is not a final order subject to appeal when there are still significant proceedings to take place in the bankruptcy court. *St. Charles*, 916 F. 2d at 729 (holding that a district court order remanding a case to bankruptcy court for significant further proceedings "is not final in the 28 U.S.C. § 158(d) context"); *see also Rose v. Kennedy*, 169 F.4th 294, 302 (D.C. Cir. 2026) (noting that "it is black letter law that a district court's remand order is not normally 'final' for purposes of appeal under 28 U.S.C. § 1291") (internal citations omitted); *Pueblo of Sandia v. Babbitt*, 231 F.3d 878, 881 (D.C. Cir. 2000) (noting that "remand orders as a category are not final").

18. Here, there are significant proceedings to take place in the Bankruptcy Court as a result of the district court's remand decision. The remand order directed the Bankruptcy Court "to examine all the relevant facts and circumstances and determine whether bad faith conduct warrants dismissal of the petition in this case."

19. As the Motion to Dismiss is a contested matter, the Appellees are entitled to take discovery pursuant to Rule 9014(c) of the Federal Rules of Bankruptcy Procedure. Upon completion of discovery, the Bankruptcy Court will need to conduct an evidentiary hearing to hear testimony and receive evidence in connection with the Motion to Dismiss. After the evidentiary hearing, the Bankruptcy Court will make findings of fact and conclusions of law. Only upon completion of such proceedings will this matter potentially be ripe for appeal. These yet-to-occur proceedings are the very type of "significant proceedings" that this Court referred to in *St. Charles*, which should first take place in the Bankruptcy Court before any appeal will be allowed.

20. Other aspects of the underlying bankruptcy case – for which there may be other "significant proceedings" – are also incomplete. For example, there is a pending objection to the Appellant's qualification to proceed under Subchapter V and no hearing has been scheduled on confirmation of the Appellant's proposed Chapter 11 Plan.

CONCLUSION

This Court lacks jurisdiction to hear this appeal because there are still significant proceedings to take place before the Bankruptcy Court. As a result, this appeal should be dismissed for lack of jurisdiction.

DEVELOPER RE1, LLC AND 423
KENNEDY ST HOLDINGS, LLC,

Date: October 9, 2026

/s/ James D. Sadowski

James D. Sadowski (DC 446635)
GREENSTEIN DELORME & LUCHS, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410
Email: jds@gdllaw.com

and

Jeremy S. Williams (DC 994825)
KUTAK ROCK LLP
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Email: jeremy.williams@kutakrock.com

*Co-Counsel for Appellees Developer RE1, LLC and 423 Kennedy St Holdings, LLC*

CERTIFICATE OF COMPLIANCE WITH RULE 32

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 1215 words, not including the parts of the document exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, Font size 14.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

October 9, 2026

/s/ James D. Sadowski
James D. Sadowski (No. 446635)
801 17th Street, N.W., Suite 1000
Washington, DC 20006
Telephone: (202) 452-1400
Facsimile: (202) 452-1410
Emails: jds@gdllaw.com
*Counsel for Appellees Developer RE1, LLC and 423 Kennedy St Holdings LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2026, an electronic copy of the foregoing Appellees' Motion to Dismiss for Lack of Jurisdiction should be served via a Notice of Docket Activity sent by the Court's CM/ECF system to the following person(s):

Maurice B. VerStandig, Esq.
mac@mbvesq.com
*Counsel for Appellant*

/s/ James D. Sadowski
James D. Sadowski